

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05 - 60426

**CIV-MARRA**

State Court Case No. 05-02422 (05)

DEBBIE F. LEHOTAN, individually
and for all others similarly situated,

MAGISTRATE JUDGE
SELTZER

Plaintiffs,

vs.

MRG OF SOUTH FLORIDA, INC,
a Florida Corporation



Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

**COMES NOW** The Defendant, MRG OF SOUTH FLORIDA, INC, a Florida
Corporation, by and through its undersigned attorney, and pursuant to 28 U.S.C. §1441,
removes this action from the Seventeenth Judicial Circuit in and for Broward County, State
of Florida, and as grounds therefore states:

1.      This civil cause of action was commenced in the Circuit Court in the 17th
Judicial Circuit, in and for Broward County, Florida, wherein Plaintiff, DEBBIE F.
LEHOTAN, has sued Defendant, MRG OF SOUTH FLORIDA, INC., in Case No. 05-02422
(05), for alleged violations of the Fair Labor Standards Act of 1938, as amended [29 U.S.C.
§201, *et seq.*].

2.      Defendant, MRG OF SOUTH FLORIDA, INC., is the only defendant in this
action.

3.      The first pleading giving rise to a right to remove the action was Plaintiff's
Complaint.  The Complaint was served on the Defendant, MRG OF SOUTH FLORIDA,
INC., on February 17, 2005.

4.     Pursuant to 28 U.S.C. §§ 1331, this Court has original jurisdiction over this action, as this action presents a "federal question" and seeks to adjudicate claims controlled by Fair Labor Standards Act of 1938.

5.     Pursuant to 28 U.S.C.  §1441(b), the action is removable to this Court.

6.     A copy of the Summons and Complaint served upon the Defendant, MRG OF SOUTH FLORIDA, INC., is attached hereto and made a part hereof as **Exhibit "A"** in accordance with 28 U.S.C. §1446(a).  A copy of all other papers filed in the State Court action are attached hereto as **Exhibit "B"**.

7.     The sole Defendant in this action consents to the removal of this action.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been mailed this _16_ day of March, 2005, to: **Karen Amlong, Esq**. and **Camar Jones, Esq.**, 500 N.E. 4th Street - FL2, Fort Lauderdale, FL 33301-3192.

<div style="margin-left:40%">

IRA MARCUS, P.A.
Attorney for Defendant
1313 South Andrews Avenue
Ft. Lauderdale   FL 33316
(954) 523-9696
(954) 523-3858 facsimile
E-mail: ira@iramarcuspa.com


By:_____
     Ira Marcus
     Fla. Bar No.  174741

</div>

## IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case Number: _____

3/9/5

DEBBIE F. LEHOTAN, individually,
and for all others similarly situated,

    Plaintiffs,

**SUMMONS
CIVIL COMPLAINT**

vs.

MRG OF SOUTH FLORIDA, INC.,
a Florida Corporation

_____Defendant._____/

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons, a copy of the Complaint, Notice of Service of Plaintiff's Special Interrogatory re: Names, Addresses, Plaintiff's Special Interrogatory re: Names, Addresses, Plaintiff's First Request for Production, and Plaintiff's Motion to Notify Putative Class Members in this lawsuit on defendant:

        MRG OF SOUTH FLORIDA, INC., by serving its Registered Agent,
        Joel Marcus
        676 West Prospect Road
        Fort Lauderdale, Florida 33309

    Each defendant is required to serve written defenses to the complaint or petition on **KAREN COOLMAN AMLONG**, plaintiff's attorney, whose address is **Amlong & Amlong, P.A., 500 Northeast Fourth Street, Fort Lauderdale, Florida 33301**, within 20 days of service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON_____

FEB 11 2005

CLERK OF THE CIRCUIT COURT

As Clerk of the Circuit Court

By: _____

As Deputy Clerk

I:\CPWIN\HISTORY\050111A\BAS.24



A TRUE COPY
Circuit Court Seal

CHRISTINA HARRINGTON

**EXHIBIT
"A"**

Page 1 of 1

## IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

DEBBIE F. LEHOTAN, individually and
for all others similarly situated,

      Plaintiff,

vs.

MRG OF SOUTH FLORIDA, INC.,
a Florida Corporation,

      Defendant.

_____/

Case Number: _____ 0502422

**Wage and Hour Class Action
Complaint**

FEB 11 2005

Plaintiff, Debbie F. LeHotan, sues defendant, MRG of South Florida ("MRG"), a Florida Corporation, on behalf of herself and all others similarly situated, and alleges:

### Introduction

1.    This is an action brought pursuant to and arising under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. § 201, et seq.] (hereinafter, "the Act"). This action is brought by the plaintiff, Debbie F. LeHotan ("LeHotan") pursuant to § 16(b) of the Act [29 U.S.C. § 216(b)], on her own behalf and for all others similarly situated. The defendant, MRG of South Florida, Inc. ("MRG"), constitutes an enterprise under § 3(r) of the Act [29 U.S.C. § 203(r)].



### Jurisdiction

2.     This court has jurisdiction pursuant to 28 U.S.C. 1331 and § 16(b) of the Act [29 U.S.C. § 216(b)]. The amount in controversy exceeds $15,000.00, exclusive of costs and interest.

### Venue

3.     Venue is proper in Broward County, Florida because the cause of action arose in Broward County, Florida.

### Parties

4.     At all times material, plaintiff, LeHotan, was employed by defendant, MRG, as a bartender at its Ibiza's Solid Gold facility n/k/a Pure Platinum, in Fort Lauderdale, Florida.

5.     Defendant, MRG, is a corporation doing business in Broward County, Florida.

6.     MRG is an employer as defined by § 3(a) of the Act [29 U.S.C § 203(d)].

7.     MRG constitutes an enterprise under § 3(r) of the Act [29 U.S.C. § 203(r)] and is an enterprise engaged in commerce within the meaning of § 3(s)(1) of the Act [29 U.S.C.; § 203(s)(1)], i.e, an adult entertainment establishment.

8.     MRG has an annual gross volume business of not less than $500,000.00 annually, as provided under § 3(s)(1) of the Act [29 U.S.C. § 203(s)(1)].

### General Allegations

9.    Since on or about February 11, 2002, MRG has violated the provisions of §§ 6 and 15(a)(2) of the Act by not paying bartenders for certain compensable hours including:

a.    attending mandatory meetings scheduled by MRG, at which company business was discussed ;

b.    attending mandatory training sessions and dress rehearsals;

c.    arriving at work an hour before their scheduled shift each day at management's request;

d.    remaining at work after their scheduled shift to count money

10.    LeHotan was led to believe that her non-attendance at the meetings and training would adversely affect her employment with MRG.

11.    Further, LeHotan was told explicitly that although she was required to arrive an hour before her shift and count money when she completed her shift, she would only be paid for scheduled hours.

12.    MRG's failure to pay the regular rate of pay to LeHotan and others similarly situated, for their arrival at work before their scheduled shifts, counting money after their scheduled shifts, and attendance at mandatory meetings and training scheduled by MRG, for the benefit of MRG, is unlawful.

13.    There is not an applicable exemption under the Act pursuant to the provisions of 29 U.S.C. § 213(a), for failure to pay for such work at the regular rate of pay.

14.     MRG's refusal to pay LeHotan the regular rate of pay is a wilful violation of the Fair Labor Standards Act, entitling LeHotan and others similarly situated, to liquidated damages.

### Allegations as to the Class

15.     Defendant's policy of not paying its employees for compensable work, i.e., arriving an hour early for work, counting money after their shifts were over, and attendance at mandatory meetings and training sessions, was unlawful and wilful. Therefore, each such employee that was not paid by the defendant during the three years prior to the filing of this complaint has been deprived of his or her regular rate of pay as LeHotan has.

### Relief Sought

16.     The plaintiff is entitled, pursuant to § 16(b) of the Act [29 U.S.C. § 216(b)], as is each of the other employees similarly situated to plaintiff, to recover from MRG:

      a.     her unpaid regular rate of compensation;

      b.     as liquidated damages, an amount equal to the unpaid regular rate of pay that she is owed;

      c.     the cost of this action; and

      d.     a reasonable attorneys' fee.

### Prayer for Relief

WHEREFORE, plaintiff, Debbie LeHotan, prays that this court will grant judgment:

a.   awarding LeHotan and each other similarly situated employee

who opts in, payment of their regualr rate of compensation found

by the court to be due under the Act;

b.   awarding an additional equal amount as liquidated damages;

c.   awarding costs, including a reasonable attorneys' fee; and

d.   granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,

AMLONG & AMLONG, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

KAREN COOLMAN AMLONG
Florida Bar Number: 275565
CAMAR R. JONES
Florida Bar Number: 720291

Dated: February ⅃⅃ , 2005

I:\CPWin\HISTORY\050111A\BA5.1E

# IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

DEBBIE F. LEHOTAN, individually,
and for all others similarly situated,

Case No. _____ 0502422

     Plaintiffs,

vs.

MRG OF SOUTH FLORIDA, INC.,
a Florida Corporation,

FEB 1 1 2005

     Defendant.

_____/

## Plaintiff's First Request for Production to Defendant

Plaintiff, Debbie F. LeHotan, pursuant to Florida Rule of Civil Procedure 1.350, requests the defendant, MRG of South Florida, Inc. ("MRG"), to produce the following documents for inspection and copying at Amlong & Amlong, P.A., 500 NE Fourth Street, Second Floor, Fort Lauderdale, Florida, within the time permitted by the rules:

1.    If defendant denies the gross volume of MRG of South Florida, Inc., was less than $500,000 annually for 2002, 2003, 2004 or 2005, the IRS form 1120 (or 1120-S) for each of those years.

2.    The entire personnel and payroll files, inclusive of all correspondence, memoranda, e-mails, and notes, for Debbie LeHotan.





EXHIBIT
"B"

Page 1 of 2

3.     The records (including, but not limited to, payroll reports and summaries, and ADP earnings statements) of the hourly wages paid to Debbie LeHotan during her employment with MRG of South Florida, Inc.

4.     Any and all sign-in sheets documenting Debbie LeHotan's:

a.     arrival and/or departure from work;

b.     arrival and/or departure from meetings scheduled by MRG; and

c.     arrival and/or departure from training sessions scheduled by MRG.

5.     Any and all newsletters, announcements, calendars, sign-in sheets, minutes and/or notices of meetings for MRG employees from May 2003 to October 2003.

6.     All W-2 Wage and Tax Statements for Debbie LeHotan.

7.     All schedules evidencing the hours that Debbie LeHotan was scheduled to work at MRG.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on

defendant along with the summons and complaint in this action.

> AMLONG & AMLONG, P.A.
> Attorneys for the Plaintiff
> 500 Northeast Fourth Street
> Fort Lauderdale, Florida 33301
> (954) 462-1983
>
> By:
>
> KAREN COOLMAN AMLONG
> Florida Bar Number: 275565
> CAMAR R. JONES
> Florida Bar Number: 720291

# IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
# IN AND FOR BROWARD COUNTY, FLORIDA

DEBBIE F. LEHOTAN, individually,  
and for all other similarly situated,

Case No. _____ C502422

    Plaintiffs,

FEB 11 2005

vs.

MRG OF SOUTH FLORIDA, INC.,  
a Florida Corporation,

    Defendant.





## Notice of Service of
## Plaintiffs' Special Interrogatory re: Names, Addresses

    Plaintiff, Debbie F. LeHotan, hereby gives notice of service of Plaintiff's Special Interrogatory re: Names, Addresses to Defendant, MRG of South Florida, Inc., along with the Summons and Complaint.

AMLONG & AMLONG, P.A.  
Attorneys for the Plaintiff  
500 Northeast Fourth Street  
Fort Lauderdale, Florida 33301  
(954) 462-1983

KAREN COOLMAN AMLONG  
Florida Bar Number: 275565  
CAMAR R. JONES  
Florida Bar Number: 720291



# IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

DEBBIE F. LEHOTAN, individually,            Case No. _____
and for all others similarly situated,

      Plaintiffs,

vs.

MRG OF SOUTH FLORIDA, INC.,
a Florida Corporation,

      Defendant.

_____/

### Plaintiff's Special Interrogatory re:  Names, Addresses

Pursuant to Florida Rule of Civil Procedure 1.340, Plaintiff, Debbie F. LeHotan, individually, and on behalf of all others similarly situated, propounds the attached Plaintiff's Special Interrogatory re:  Names, Addresses to Defendant, MRG of South Florida, Inc. The interrogatory shall be answered fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. A copy of the answers and objections, if any, shall be served upon the undersigned within thirty (30) days after service.



## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing notice

and interrogatory was served along with the Summons and Complaint.

AMLONG & AMLONG, P.A.
Attorneys for the Plaintiff
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(954) 462-1983

KAREN COOLMAN AMLONG
Florida Bar Number: 275565
CAMAR R. JONES
Florida Bar Number: 720291

## Plaintiff's Special Interrogatory re:  Names, Addresses

1.    State the names and last known addresses of each person who worked for MRG of South Florida, Inc. as a bartender at anytime during the three years preceding the filing of this action, i.e., from February 11, 2002.

MRG of South Florida, Inc.

By: _____

As: _____

State of Florida
County of Broward

I HEREBY CERTIFY that on this, before me, a notary public, personally

appeared _____, the _____of

MRG OD SOUTH FLORIDA, INC., who, after being sworn, says that the fore-

going answer is true and correct.

IN WITNESS WHEREOF I set my signature and official seal this _____ day

of _____, 2005.

_____
NOTARY PUBLIC

My commission expires:

I HEREBY CERTIFY that a true and correct copy of the foregoing answers

to interrogatories was served by mail upon KAREN COOLMAN AMLONG, Attorney

at Law, AMLONG & AMLONG, P.A., 500 Northeast Fourth Street, Ft. Lauderdale,

FL 33301 this _____ day of _____, 2005.

_____

# IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
# IN AND FOR BROWARD COUNTY, FLORIDA

DEBBIE F. LEHOTAN, individually,                Case No. _____
and for all others similarly situated,

     Plaintiff,                                              0502122

vs.

MRG OF SOUTH FLORIDA,                            FEB 1 ...
a Florida Corporation,

     Defendant.
_____/

### Plaintiff's Motion to Notify Putative Class Members

    Plaintiff, Debbie F. LeHotan, moves this court for an order permitting an

Interrogatory as to the name and address of all hourly employees employed as

bartenders by defendant, MRG of South Florida, Inc., from February 11, 2002

through the present, and granting leave to mail to each of those persons so

identified the Notice that is appended to this Motion as "Attachment 1" and the

form for opting-in as a party plaintiff that is appended as "Attachment 2."

### Memorandum of Law in Support of Motion

    Unlike class actions brought pursuant to Florida Rule of Civil Procedure

1.220, where potential class members must opt-out after a class is certified if

they do not want to be bound, class-action plaintiffs in a suit brought under the



Page 1 of 5

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. must opt-in in writing pursuant to 29 U.S.C. § 216(b).

The Supreme Court of the United States has approved the discretionary involvement of trial court in implementing that opt-in procedure "by facilitating notice to potential plaintiffs." Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 169-170 (1989) (Age Discrimination in Employment Act).

Hoffman-LaRoche approved the actions of a U.S. district court judge who assisted the plaintiff's representatives in contacting putative class members.

In the instant case, upon information and belief, defendant has several present and former employees who worked as bartenders and policies of:

**One**, not paying bartenders for attendance at mandatory meetings scheduled for the employer's benefit.

**Two**, not paying bartenders for attendance at mandatory training sessions scheduled and conducted for the employer's benefit.

**Three**, requiring bartenders to arrive to work an hour prior to their scheduled shifts without paying them for that time.

**Four,** requiring bartenders to remain at work at the end of their scheduled shifts to count money without paying them for that time.

Each of defendant's employees would be entitled to bring his or her own, individual action under the Fair Labor Standards Act in either state or federal court.

Granting plaintiff's motion would serve:

**One**, the remedial purpose of the Fair Labor Standards Act, and

**Two**, judicial economy

were this court to facilitate notice to all of those persons who are putative class

members.

As the district court noted in Hoffman-LaRoche, after noting that the

ADEA should be "broadly construed to effectuate its general purpose:

ameliorating age discrimination in employment,"

> Given this conclusion, I find that the ADEA itself, consistent with the
> otherwise silent § 216(b), generates a capacity for courts to facilitate
> notice to absent ADEA class members. If courts refrain from facilitating
> notice to missing class members, the enforcement of ADEA remedies for
> violations which victimize a group of people will be limited only to those
> victims who are already known to their "champion," [citation omitted], or
> who are fortunate enough to hear and heed "the vagaries of rumor and
> gossip," [citation omitted], or who are courageous enough to recognize
> the wrong done them and sue on their own. The ADEA cannot tolerate
> the piecemeal remediation which would thereby result, at least in those
> instances where the discriminatory act has victimized a large number of
> people. . . .

118 F.R.D. at 403. Such also could obviously be said about the remedial

purposes of the FLSA, of which the ADEA is a part.

To facilitate such a mailing, plaintiffs seek the Court's leave to propound

the interrogatories seeking the names and addresses of all persons employed

as bartenders by defendant, MRG of South Florida, Inc., during the three years

preceding the date of the filing of this action. As the Supreme Court noted in

affirming the trial court's participation in the notice process in Hoffman-

LaRoche, and specifically the trial court's permitting plaintiff to discover the

names and addresses of other discharged employees,

> [W]ithout pausing to explore alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter, we find it suffices to say that the discovery was relevant to the subject matter of the action and there were no grounds to limit the discovery under the facts and circumstances of this case.

493 U.S. at 170.

**Conclusion**

Based on the argument presented and the authorities cited, the Court

should grant plaintiff's motion, should permit the propounding of the proposed

interrogatories, and should permit plaintiff's counsel to mail to each employee

identified in response to those interrogatories, the Notice that is appended to

this Motion as Attachment 1.

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been served with the Complaint and Summons.

Respectfully submitted,

AMLONG & AMLONG, P.A.
Attorneys for the Plaintiff
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(954) 462-1983

By: _____
KAREN COOLMAN AMLONG
Florida Bar Number: 275565
CAMAR R. JONES
Florida Bar Number: 720291

I:\CPWin\HISTORY\050111A\BAS.20

# ATTACHMENT 1

## NOTICE

FROM:    Karen Coolman Amlong, Attorney at Law, and Camar R. Jones, Esq.

TO:      Present and former employees of MRG of South Florida,
         Inc.

RE:      Fair Labor Standards Act suit against MRG of South
         Florida, Inc.

(1)   INTRODUCTION.  The purpose of this notice is to inform you of the existence of a class action law suit in which you may be a member of the Plaintiff class, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit if you so desire.

(2)   DESCRIPTION OF THE LAW SUIT. Debbie F. LeHotan brought this suit, individually and on behalf of all others similarly situated, against MRG of South Florida, Inc. ("MRG"), in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, alleging that MRG has policies of:

   *One*, not paying its bartenders for attending mandatory meetings scheduled for the employer's benefit.
   *Two*, not paying bartenders for attending training sessions which were scheduled and conducted for the employer's benefit.
   *Three*, requiring its bartenders to be at work an hour before their scheduled shifts and not compensating them for that time.
   *Four*, requiring its bartenders to remain at work at the end of their scheduled shifts to count money and not compensating them for that time.

(3) COMPOSITION OF THE CLASS. The named plaintiff, Debbie LeHotan, seeks to sue on behalf of herself and also on behalf of other employees who are similarly situated.  Specifically, the plaintiff seeks to sue on behalf of any and all employees who worked as bartenders and who, since **February 7, 2002**, were not paid their regular rates of pay for all work, as well as mandatory meetings and training.

(4) YOUR RIGHT TO PARTICIPATE IN THIS SUIT. If you fit the definition above, you may join this suit (that is, you may "opt in") provided that you cause to be filed a "Consent to Join" in the very near future.  Consent to Join forms and information regarding the specific filing deadlines are available from the sources listed a the end of this notice.

   Your eligibility to file a Consent to Join is not affected by any statue of limitations.  Even if you file a Consent to Join, however, your continued right to

participate in this suit may depend upon a later decision by the Court that no statute of limitations has run against you. In addition, your continued right to participate may depend upon a later decision that you and the plaintiff are similarly situated, in accordance with applicable law.

(5)   EFFECT OF JOINING THIS SUIT. If you choose to join this suit, you will be bound by the judgment whether it is favorable or unfavorable. While the suit is proceeding you may be required to provide information, sit for depositions, and testify in court. You will not be required to pay attorneys' fees directly. The plaintiffs' attorneys will receive a part of any money judgment entered in favor the of the class.

(6)   NO LEGAL EFFECT IN NOT JOINING. If you choose not to join this suit, you will not be affected by the judgment, favorable or unfavorable. If you choose not to join this suit, you are free to file your own law suit.

(7)   If you choose to join this suit, your interest will be represented by the named plaintiff through her attorneys, as counsel for the class. The counsel for the class is:

Karen Coolman Amlong, Attorney at Law
Camar R. Jones, Esq.
Amlong & Amlong, P.A.
Second Floor
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1100
(954) 462-1983

(8)   FURTHER INFORMATION. Further information about this suit, the deadline for filing a Consent to Join, and the availability of Consent to Join forms can be obtained by contacting Karen Coolman Amlong, Attorney at Law, or Camar R. Jones, Esq.

_____
CAMAR R. JONES

THIS NOTICE AND ITS CONTENTS HAS BEEN AUTHORIZED BY THE CIRCUIT COURT FOR THE 17TH JUDICIAL IN AND FOR BROWARD COUNTY, HONORABLE _____JUDGE. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF MRG OF SOUTH FLORIDA, INC.'S DEFENSES.

DEADLINE FOR NOTICE: _____

# ATTACHMENT 2

# IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
# IN AND FOR BROWARD COUNTY, FLORIDA

DEBBIE F. LEHOTAN, individually,          Case No. _____
and for all others similarly situated,

     Plaintiffs,

vs.

MRG OF SOUTH FLORIDA, INC.,
a Florida corporation,

     Defendant.

_____/

## Consent to Join Pursuant To 29 U.S.C. § 216(b)

TO:   Clerk of the Court and to Each Party and Counsel of Record:

State of      Florida      )

County of   _____     )

_____, being duly sworn,
     (Type or Print Name)

deposes and says:

    1.    I reside at_____.

I was employed as a bartender from _____ to _____

by MRG of South Florida, Inc., at _____.

    2.    I understand this suit is being brought under the Federal Fair Labor

Standards Act.  I have read and I understand the notice accompanying this

Page 1 of 2

Consent.  As an employee/former employee of MRG of South Florida, Inc., I hereby consent, agree and opt-in to become a party plaintiff herein and to be bound by any settlement of this action or adjudication of the Court.

3.    I hereby authorize the named plaintiff herein to retain her counsel of record or select new counsel, as she shall determine in her discretion, and I hereby further authorize such counsel to make such further decisions with respect to the conduct and handling of this action, including the settlement thereof, as they deem appropriate or necessary and as approved by the court.

_____
(Full signature)

Sworn and subscribed to before me
this____ day of _____, 2005.


_____
Notary Public

RETURN FOR FILING BEFORE _____:

TO:   AMLONG & AMLONG, P.A.
       Second Floor
       500 Northeast Fourth Street
       Fort Lauderdale, Florida 33301

       ATTN:  MRG of South Florida, Inc. Class Coordinator

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as require by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the us of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

Debbie F. Lebotan **CIV-MARRA**

## DEFENDANTS

MRG of So. Florida

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**05-60426**

MAGISTRATE JUDGE
SELTZER

FILED by __ D.C.
2005 MAR 21 PM 3: 32
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Ira Marcus, P.A.
1313 So. Andrews Ave., Ft. Laud., FL

ATTORNEYS (IF KNOWN)
Amlong + Amlong, P.A.
500 N.E. 4 st, 3rd flr., Ft. Laud

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE HIGHLANDS

0:05 CV 60426-Marra

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | B☐ 625 Drug Related Seizure | 28 USC 157 | B☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | B☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| B☐ 152 Recovery of Defaulted | Liability | | B☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 850 Securities/Commodities/ |
| B☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 370 Other Fraud | B☐ 690 Other | | Exchange |
| of Veteran's Benefits | Liability | ☐ 371 Truth in Lending | | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **A LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | Property Damage | ☑ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | | A☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS – Third Party | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | B☐ 550 Civil Rights | Security Act | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. § 201 et seq.

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   3-21-05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
$250.00
Receipt 533645